**STATE of Missouri, Respondent,**

v.

**John GARNER, Appellant.**

**John GARNER, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 63952, 67729.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 26, 1996.

Emmett D. Queener, Office of the State Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Fernando Bermudez, Assistant Attorney General, Jefferson City, for Respondent.

Before REINHARD, P.J., and KAROHL and GRIMM, JJ.

PER CURIAM.

Defendant-movant appeals after consecutive sentences on five felonies which include life imprisonment without possibility of parole for murder, fifteen years for burglary and three, ten year terms for assault first degree and two charges of armed criminal action. He also appeals denial of Rule 29.15 relief after an evidentiary hearing.

 Defendant has briefed and argued one point on each appeal. The direct appeal issue involves testimony of a victim regarding defendant's threats to kill another victim. This evidence was received without objection, particularly, without objection that it constituted evidence of bad acts or uncharged crimes. Obviously, the trial court did not err in allowing the testimony in the absence of

an objection. Further, the evidence would be admissible as proof of premeditation and intent in a first degree murder case. The sentences are affirmed.

 Movant's claim of ineffective assistance is based on his contention defense trial counsel was ineffective in closing argument. Counsel argued defendant's trial testimony may have been untrue regarding his motive for going to the home of his ex-wife. He testified he went to see his children. His attorney argued that his motive was to cause trouble, to scare his victims, but not to assault or murder. Rejection of this claim was not clearly erroneous. Rule 29.15(j). The argument was consistent with defense strategy that the assault and killing were not premeditated. Throughout the trial the defense emphasized defendant was not guilty of first degree murder or first degree assault because he did not intend the consequences of his actions. Defendant's testimony suggested to his trial counsel that this strategy represented the only available defense. The explanation of trial counsel, at the motion hearing, supports denial of relief.